PARKER, Chief Judge,
Concurring.
Amador pleaded no contest to one count of trafficking in cocaine, a first-degree felony punishable by thirty years’ imprisonment with a fifteen-year minimum mandatory term. A handwritten note on the plea form states that “[t]he prosecutor has agreed to: ‘See Contract.’ ” The contract of substantial assistance contained the following terms: (1) Amador would plead guilty to trafficking in a controlled substance; (2) Amador would be released on her own recognizance; (3) Amador’s sentence would be between time served and fifteen years; (4) Amador would provide recorded truthful testimony concerning knowledge of all past, present, and ongoing narcotic smuggling and narcotics-related activities; (5) Amador would submit to polygraph examinations; (6) Amador would appear as needed by the state attorney and investigators; and (7) Amador would keep the state attorney and investigators aware of her address and telephone number. The transcript of the change of plea hearing provides no more details concerning Amador’s obligations under the plea or substantial assistance contract.
At the sentencing hearing, law enforcement’s position was that Amador did not comply with the substantial assistance contract. The State’s only witness was George DAlessandro, the supervising investigator from the sheriffs office. D’Al-essandro testified that he had been told that Amador was to introduce undercover police officers to two drug dealers who were named in the plea agreement. However, DAlessandro admitted that he had not read the plea agreement, which does not contain any requirement that Amador make introductions and does not contain the names of any known drug dealers.
It is clear that Amador, at the direction of law enforcement, made numerous contacts over a four- to five-month period, purchasing small amounts of cocaine from a known drug dealer. This activity is consistent with the contract’s general requirement that Amador provide information concerning narcotic activities. While Ama-dor’s actions may not have given rise to the specific result contemplated by law enforcement, law enforcement’s failure to articulate the specific results contemplated or any means of achieving these results precludes a finding that Amador did not comply with the contract of substantial assistance.
But for Amador’s receiving a sentence of three years off of .the maximum set forth in the substantial assistance contract, I would reverse the case- I can only assume that the trial court gave Amador those three years’ credit for her substantial assistance. Hopefully, the State Attorney in the Twentieth Judicial Circuit will ensure that the procedures utilized for spelling out the duties of law enforcement and the obligations of a defendant entering into a substantial assistance contract will markedly improve..,